IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dongarra, | No. CV 04-1428-PHX-MHM |
| Petitioner | **ORDER** |
| vs. | |
| Dora Schriro, et. al., | |
| Respondents | |

    Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The matter was referred to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. Following Respondents' Answer, Magistrate Judge Anderson filed his Report and Recommendation with this Court. Petitioner failed to file a reply.

**STANDARD OF REVIEW**

    The Court must weigh the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's finding of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

Petitioner was found guilty of the charges of fraudulent scheme and artifice, attempted fraudulent scheme and artifice, and theft spanning over two trials occurring in Pima County Superior Court in 1997, CR-52793 and CR-53060. On May 1, 1998 Petitioner was sentenced. On May 11, 1998, Petitioner filed a notice of appeal in both cases. On April 13, 2000, the appellate court affirmed Petitioner's convictions and sentences in CR-52793 and CR-53060. Petitioner filed a petition for review to the Arizona Supreme Court, however it was summarily denied on December 7, 2000.

On November 12, 2003 Petitioner, confined in the MacDougall-Walker Correctional Facility in Suffield, Connecticut, filed the pending Petition in the Federal District Court of Connecticut. On April 19, 2004, Respondents filed a motion to transfer to the District Court of Arizona because the relevant events, evidence and parties are located in Arizona. On July 13, 2004 the District Court of Connecticut granted the motion and transferred the matter to this Court. (Dkt.#9).

The Petitioner advances nine claims in support of his Petition. First, in grounds One and Seven, Petitioner argues that the trial court erred in allowing the State of Arizona to proceed with two counts charging Petitioner with theft because these charges are multiplicitous. Petitioner further argues that the imposition of consecutive sentences was unconstitutional because the facts supporting both convictions formed a single act.

A federal court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2000). It follows that federal habeas review "does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Imposing consecutive sentences is a matter of state criminal procedure and is not within the scope of federal habeas corpus review. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Petitioner's constitutional arguments, incorporated by reference to post-conviction briefs, do not alter the state law nature of these claims. See Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). These

1    claims challenge the application of state law and are therefore outside the scope of federal
2    habeas review.

3    Second, in grounds Six, Eight and Nine, Petitioner argues that the trial court erred in
4    sentencing. "[A] state court's misapplication of its own sentencing laws does not justify
5    federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994). Further,
6    sentencing enhancement procedures have been held to be state law issues. Johnson v.
7    Cowley, 40 F.3d 341, 345 (10th Cir. 1994). Petitioner's double jeopardy arguments,
8    incorporated by reference to post-conviction briefs, do not transform these state law
9    sentencing issues into issues subject to federal habeas review. See Poland, 169 F.3d at 584.
10   Therefore, these grounds for relief are without merit.

11   Third, in ground Two, Petitioner asserts that the trial court violated the Due Process
12   and/or Double Jeopardy Clauses by improperly instructing the jury regarding the elements
13   of theft. This claim is procedurally barred because Petitioner failed to present it to the state
14   courts in a procedurally proper manner. "In all cases in which a state prisoner has defaulted
15   his federal claims in state court pursuant to an independent and adequate state procedural
16   rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause
17   for the default and actual prejudice as a result alleged violation of federal law . . . ." Coleman
18   v. Thompson, 501 U.S. 722, 724 (1991). Here, the trial and appellate courts found that
19   Petitioner's challenge to the theft instruction was precluded under state law because
20   Petitioner failed to raise this issue both at trial and on appeal. (Respondents' Exh. X, BB).
21   Petitioner has failed to address cause for the default and actual prejudice. Accordingly,
22   federal habeas review of Petitioner's challenge to this jury instruction is barred.

23   Fourth, in grounds Four and Five, Petitioner asserts that the trial court improperly
24   instructed the jury regarding the terms "reliance" and "value." By reference to post-
25   conviction briefs, petitioner relies on United States v. Gaudin, 515 U.S. 506 (1995). There,
26   the Supreme Court held that failure to present the "materiality" element of a federal statute
27   to the jury was unconstitutional. Id. Petitioner does not allege that the jury instruction
28   regarding "value" violated any federal law. Petitioner does argue that the trial court's refusal

to consider "reliance" an element of the offense impermissibly relieved the State of its burden of proof beyond a reasonable doubt, thereby violating his constitutional rights. On post-conviction review, the appellate court determined that the trial court did not err in instructing the jury on "reliance" or "value." A federal court, on habeas review, must defer to a state court's construction of state law questions such as whether a jury instruction accurately refelected state law. See Engle v. Isaac, 456 U.S. 107, 119-21 n. 21 (1982) (recognizing that a "mere error of state law" does not amount to a denial of due process) Petitioner's argument similarly deals with state law construction and is therefore not subject to federal habeas review.

Finally, in ground Three, Petitioner asserts that ARIZ. REV STAT. §13-2310 is unconstitutionally vague. In State v. Proctor, 2 P.3d 647 (Ariz. 1998), the court rejected a similar argument and held that section 13-2310 was not unconstitutionally vague or ambiguous. The Arizona court's interpretation of this statute is a question of state law that is not subject to federal habeas review. See Statnon v. Benzler, 146 F.3d 726, 728 (9th Cir. 1998) (holding California court's determination, as a matter of law, that arsenic trioxide was a poison as defined by state murder statute was not subject to federal review).

## CONCLUSION

Having reviewed Magistrate Judge Anderson's Report and Recommendation, the Court concludes that Movant's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be denied. The Court hereby incorporates and adopts Magistrate Judge Anderson's Report and Recommendation.

**Accordingly,**

**IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Anderson's Report and Recommendation. (Dkt.#23).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED.

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 28th day of April, 2006.

_____
Mary H. Murguia
United States District Judge